IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MATTHEW JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:23-CV-447-MAC-CLS |
| | § | |
| ORANGE TEXAS POLICE DEPARTMENT, | § | |
| JASPER POLICE DEPARTMENT, and | § | |
| TEXAS HIGHWAY PATROL, | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON *SUA SPONTE*
DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO 28 U.S.C. §1915(e)(2)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to

United States Magistrate Judges, the district court referred this proceeding to the undersigned

magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend

disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C.

§ 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I.  Legal Standard**

28 U.S.C. § 1915(e)(2) provides for *sua sponte* dismissal of a complaint filed *in forma*

*pauperis* if the court determines at any time the action (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 F.

App'x 65, 66 (5th Cir. 2018) ("A district court must *sua sponte* dismiss an IFP complaint in a civil

action at any time if it determines that the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune.").

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Neitzke*, 490 U.S. at 325; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory or when it describes "fantastic or delusional scenarios."  *See Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (stating the standard for determining frivolity under Section 1915, which includes determination of whether the facts alleged are "clearly baseless," meaning that the allegations are "fanciful," "fantastic," or "delusional.").  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

A *pro se* litigant and his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v.* Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).  That said, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II. Discussion

On December 4, 2023, *pro se* Plaintiff, filed his complaint alleging he was the victim of systematic sexual abuse orchestrated by his aunt Brenda Henry during a multi-state road trip in the Summer of 2000.  (Doc. #1.)  In his twelve-page complaint, Plaintiff makes only the following passing reference to the named Defendants in this action: "In Jasper and Orange Texas, I was raped by Texas Rangers and local police officers annally, orally, and tortured."  (*Id.* at 4.)  The vast majority of Plaintiff's complaint focuses on the actions of individuals and government agencies

that are not party to this action.  The undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* on December 14, 2023.  (Doc. #5.)

A federal court sitting in diversity, as is the case here,[1] applies the substantive law of the forum state.  *Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir 2011).  Texas law has a statute of limitations of five years to recover from injuries caused by sexual assault.  *Doe v. St. Stephen's Episcopal Sch.*, 382 F. App'x 386, 388 (5th Cir. 2010); *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 623 (W.D. Tex. 2017); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 987 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015); *Twist v. Lara*, No. CIV. M-06-313, 2007 WL 2088363, at *3 n. 15 (S.D. Tex. July 19, 2007).  When an assault victim is a minor, Texas law will toll the statute of limitations until the victim reaches eighteen-years-old.  *See Clyce v. Butler*, 876 F.3d 145, 148-49 (5th Cir. 2017)

Plaintiff alleges he was assaulted in the Summer of 2000 when he was fourteen-years-old, over twenty-three years before he filed the instant suit.  Taking the complaint as true, the statute of limitations tolled until Plaintiff was eighteen-years-old, which was at most four years from the Summer of 2000.  Accordingly, Plaintiff should have filed suit within approximately nine years of the assault, as opposed to twenty-three years later.  Plaintiff's claims are approximately fourteen years too late under Texas law, and are, therefore, barred by the statute of limitations.

---

[1] Plaintiff's complaint alleges federal question jurisdiction under 42 U.S.C. §1983 and 10 U.S.C. §920. The undersigned, however, finds these causes of actions to be inapplicable. 10 U.S.C. §290 only applies to individuals in the armed forces. Under 42 U.S.C. §1983, Plaintiff alleges violations of his First and Eighth Amendment rights. Plaintiff fails to explain what right under the First Amendment was violated by Defendants, and the Eighth Amendment protects criminal defendants and incarcerated people.  Construing *pro se* Plaintiff's complaint broadly, he is a citizen of Delaware and Defendants are citizens of Texas.  Plaintiff also seeks $125,000 in compensatory damages.  Accordingly, the court has diversity jurisdiction over Plaintiff's state law negligence claims, which this court construes as a sexual assault claim.  *See* 28 U.S.C. §1332.

Because Plaintiff's claims are barred by the statute of limitations, his lawsuit should be dismissed as frivolous under § 1915(e)(2). *See Lott v. Oseguera*, 799 F. App'x 883 (5th Cir.) (affirming district court's dismissal of plaintiff's complaint as frivolous because it was time-barred), *cert. denied*, 141 S. Ct. 856 (2020); *Young v. Adams*, 693 F. Supp. 2d 635, 639 (W.D. Tex. 2010) ("Since the Plaintiff failed to file his complaint within two years of the accrual of his cause of action, the Court must dismiss his complaint as barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e).").

## III. Recommendation

For the foregoing reasons, the undersigned recommends this action be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2).

## IV. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 18th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

5